## In re T. A. McINTYRE & CO.

## In re SECURITIES IN METROPOLITAN TRUST CO.

### (Circuit Court of Appeals, Second Circuit. February 9, 1915.)

### No. 165.

1. CORPORATIONS ⬯123—PLEDGE OF STOCK BY BROKERS—RIGHTS OF OWN-
ERS.

Where the owners of stock, pledged by brokers as collateral security
for a loan, could not trace their specific securities into the surplus of the
price for which such stock was sold after the payment of the secured
debt, the most equitable rule was to divide such surplus between them
pro rata.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 481, 491,
507–512, 537, 539–546, 569, 618; Dec. Dig. ⬯123.]

2. BANKRUPTCY ⬯357—CLAIMS—REFERENCE—COSTS AND EXPENSES.

Where a creditor of a bankrupt was given a preference which enabled
him to realize over $90,000 on his claim, and it appeared probable that he
was bound by a decree awarding a pro rata distribution of a fund of
$10,000 among claimants thereto, a reference for the determination of his
claim to a right in such fund superior to other claims would not be or-
dered, unless he stipulated that the costs and expenses of the reference,
if adverse, would be borne by him.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 541–544;
Dec. Dig. ⬯357.]

Petition to Revise and Appeal from Order of the District Court of
the United States for the Southern District of New York.

Newell, Chapman & Newell, of Syracuse, N. Y., for appellant.

Ceylon H. Lewis, of Syracuse, N. Y., for respondent Hudson.

A. H. Cowie, of Syracuse, N. Y., for respondent Amos.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. This case comes here on appeal from, and petition
to review, an order of the District Court for the Southern District of
New York made in an omnibus proceeding fixing the status of various
claims against the bankrupts. The petitioner and appellant is Charles
M. Crouse, whose claim is stated by the special master, together with
the master's conclusion thereon, to be as follows:

#### Claim of Charles M. Crouse.

On June 27, 1907, the claimant sent to McIntyre & Co. 400 shares of the
common stock of the Union Typewriter Company, represented by certificates
Nos. F92, F93, F94, and F104, to be transferred on the books of the cor-
poration to the name of the claimant. On June 30, 1907, McIntyre & Co. had
procured the transfer of said certificates, but had said certificates made out
in the name of T. A. McIntyre & Co., receiving certificates Nos. 1419, 1420,
1421, and 1422, for 100 shares each.

On March 13, 1908, McIntyre & Co. delivered certificate No. 1421 to one
Lockwood pursuant to some obligation of McIntyre & Co. Certificate No. 1422
was pledged with the National Bank of Earlville and certificates Nos. 1419
and 1420 were pledged with the Metropolitan Trust Company. Some time
prior to the failure 100 shares were returned to the claimant by McIntyre &
Co., so that, at the date of the bankruptcy, McIntyre & Co. owed to claim-
ant but 300 shares.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In this proceeding the claimant seeks to follow the 200 shares pledged with the Metropolitan Trust Company certificates Nos. 1419 and 1420. On the 24th of April, 1908, the date of the bankruptcy, after covering the short sales of 300 shares of Steel preferred and 600 New York Central, charging him with all other debit items in his trading account, his special account, and his option account, and crediting him with the value of the stocks belonging to him on that day, there was a large credit balance in his favor of many thousands of dollars.

The market value at the date of the bankruptcy of 200 shares of Union Typewriter Company was $10,000. The 200 shares of Union Typewriter Company common stock were sold by the Trust Company on the 3d day of May, 1908, as follows: 150 shares at 48¼, netting $7,212.75; 50 shares at 49, netting $2,441.75—which sums, together with the proceeds of other stocks, were applied in reduction of the indebtedness of McIntyre & Co. to the Trust Company.

The claimant has filed in this bankruptcy proceeding a claim in which he sets forth that he holds as security for the return of the stock in question, as well as all other stocks, an assignment of life insurance policies upon the life of Thomas A. McIntyre, Sr., who died in July, 1908. The policies in question were assigned about three months before the bankruptcy, no present consideration was then paid therefor, and the validity of said assignment is denied by the trustees. After their assignment, the claimant paid the premiums upon said policies, amounting in the aggregate to $6,078.34.

The counsel for the trustees claim that Mr. Crouse cannot enforce any claim that he may have against the fund in the Metropolitan Trust Company as against the other claimants, for the reason that he has, or claims to have, a lien on another fund, as well as upon the fund in question.

My conclusion is that Crouse must first exhaust his remedy in his proceeding to enforce his lien for the 200 shares of Union Typewriter Company stock and other securities against the proceeds of said insurance policies; that the proportion of the surplus securities and funds in the Metropolitan Trust Company to which Crouse would be entitled by reason of his ownership of said 200 shares of Union Typewriter Company stock, which went into the pledge and were sold by the said Trust Company, should be set aside and held by the trustees subject to the result of Crouse's proceedings to enforce his lien against the proceeds of said insurance policies; and that, after the result of such proceedings has been ascertained, said fund so set aside by the trustees as above provided should be distributed as may then be determined.

This report of the special master was confirmed by the District Court. The special master found that there were ten claimants entitled to share in the balance of the fund. He also recommended that there should be set aside the sum of $10,000, the market value of the claimant Crouse's 200 shares of Union Typewriter stock to await the termination of his lien on the proceeds of the two policies of insurance assigned to him on the life of Thomas McIntyre, deceased, "such sum then to be distributed as the court may direct." The Supreme Court having affirmed the decision of the lower courts establishing Crouse's ownership of the policies, the matter was recommitted to the special master, to determine the right of all parties to the fund of $10,000 which had been set aside as representing the market value of Crouse's 200 shares of Union Typewriter stock. The master reported that Crouse was entitled to share with the other creditors in the $10,000 fund, but was not entitled to a preference, and this finding was subsequently confirmed by the District Court.

[1] The claimants are all unable to trace their specific securities into the surplus fund, and we think that under the circumstances the most equitable rule is the one followed by the District Court, viz., to permit them to share pro rata.

[2] Crouse was a party to the original proceeding, and it would seem that he is bound by the decree awarding a pro rata distribution among the claimants. To deplete further the small fund in controversy by subjecting it to the expense of another reference should be avoided, if possible. However, if Crouse is willing to stipulate that the costs and expenses of a new reference, if adverse, will be borne by him, there may be an order reversing the present order and remanding the cause to the District Court to ascertain the classification of his claim with reference to the other claimants to the fund.

To permit one creditor who was given a preference over all the rest which enabled him to realize, as stated in the brief of Mr. Lewis, over $90,000 upon his claim, to monopolize the small fund which is the subject of the present litigation seems to us inequitable, unless his right to do so be clearly established. Should he fail to prove his right, we think that he should bear the expense of the proceeding.

The order is affirmed, with costs, unless within 30 days from the date of filing this opinion, the appellant, Charles M. Crouse, executes and files in the District Court an undertaking, to be approved by a judge thereof, conditioned for the payment of all costs, fees, and disbursements which shall be allowed by that court, in case the investigation as to the right of Crouse to a preference over the other creditors shall be decided against him.